UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JEFFREY MERCURI, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No.: |
| Y.M.C.A. CAMP TECUMSEH, INC. | ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiff, by and through his attorney, Robert A. Montgomery, and complaining of the Defendant, state as follows:

### The Parties

1. Plaintiff Jeffrey Mercuri on the date of the occurrence and currently is an Illinois citizen residing at 169 N. Grove St., Apt. 4D, Oak Park, Illinois 60301.

2. Defendant is an Indiana corporation which it has been incorporated in the state of Indiana and with its principal place of business located in this judicial district at 12635 W. Tecumseh Bend Rd., Brookston, Indiana 47923.

3. Plaintiff's cause of action arises from an incident occurring within White County, Indiana, which is located within this Judicial District at 12635 W. Tecumseh Bend Rd., Brookston, Indiana 47923.

4. There is complete diversity of citizenship of the parties.

### Venue and Jurisdiction

5. This Court has original jurisdiction over this action under *28 U.S.C. ' ' 1331* and *1332,* resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

6. This Court has proper venue over this matter under *28 U.S.C. '1391(b)*, resulting from the complained of incident causing injury occurring within White County, Indiana, which is located within this Judicial District.

## COUNT I - JEFFREY MERCURI

1. On and prior to January 26, 2019, the Defendants owned, operated, managed, maintained and controlled a certain stable commonly known as YMCA Camp Tecumseh, located at 3848 Academy Road, Michigan City, Indiana 46360.

2. On January 26, 2019, the Defendants invited the general public, including the Plaintiff, Jeffrey Mercuri, onto its premises to go horseback riding at the above-address.

3. By granting the Plaintiff access to its premises and horses, it then became the duty of the Defendants to exercise a reasonable degree of care and caution to provide for the safety of the Plaintiff.

4. To avoid unnecessary harm and injuries to the Plaintiff the Defendants' duty of reasonable care and caution included providing the Plaintiff with proper and adequate horse equipment and tack.

5. At all relevant times the Defendants knew or should have known that there was a reasonable foreseeability of harm to the Plaintiff if the Plaintiff were not provided adequate horse equipment and tack.

6. Despite its duty on reasonable care and caution the Defendants provided horse equipment and tack to the Plaintiff, Jeffrey Mercuri that was defective and unsafe causing him to fall from the Defendant horse and suffer injuries.

7. Despite its duty of reasonable care and caution the Defendants carelessly and negligently did, or failed to do, one or more of the following acts:

    a. Failed to provide horse equipment and tack that was in good

        condition;

    b    Failed to inspect, repair, and/or replace the horse equipment and tack prior to permitting the Plaintiff to get on a horse;

    c.    Knew or should have known that if it provided horse equipment and tack to the Plaintiff that was worn and defective it was reasonably foreseeable the Plaintiff would fall from the horse and sustain injuries; and

    d.     Failed to have and implement policies and procedures for the safety of its invitees.

8. The Defendant had notice and knowledge or might by the exercise of reasonable diligence have had notice and knowledge of the existence of said unsafe condition prior to January 26, 2019, and in ample time to have removed and replaced the horse equipment and tack prior to the Plaintiff, Jeffrey Mercuri, getting injured but failed to do so in violation of its duty of reasonable care and caution keep the Plaintiff reasonably safe from harm.

9. That at all times herein before mentioned the Plaintiff, Jeffrey Mercuri, was in the exercise of reasonable care for his own safety.

10. That by reason of the premises and as a direct and proximate result of the negligent and careless misconduct of the Defendant, the Plaintiff, Jeffrey Mercuri , was then and there injured, disabled and suffered and will in the future suffer, pain and discomfort, physical impairment and will be kept from attending to ordinary and everyday affairs, jobs and duties and will lose sums on account thereof, and he has become liable and will in the future for sums of money for medical care and hospital care and attention in endeavoring to be cured of the injuries caused by said occurrence.

WHEREFORE, the Plaintiff, Jeffrey Mercuri, demands judgment against the Defendants in an amount that is fair and reasonable in the premises.

Plaintiff further demands trial by jury.

## **COUNT II – *RES IPSA***

NOW COMES the Plaintiff, Jeffrey Mercuri , by Attorney Robert A. Montgomery, pursuant to Indiana Trial Rule 9.1 and complains of Defendant, as follows:

1-10. The Plaintiff repeats and realleges paragraphs 1 through 10 of Count I as paragraphs 1 through10 of Count II as though fully set out herein.

11. The place and manner how the Plaintiff was injured was in the exclusive control of the Defendant.

12. An occurrence does not usually occur in the absence of negligence.

13. The facts connected with the action are unknown to the Plaintiff and are within the knowledge of the Defendant.

WHEREFORE, the Plaintiff, Jeffrey Mercuri , demands judgment against the Defendant in an amount that is fair and reasonable in the premises.

/s/ Robert A. Montgomery
Robert A. Montgomery
Attorney at Law


Robert A. Montgomery
Attorney at Law
900 Ridge Road, Suite J
Munster, Indiana  46321
Telephone:  219-923-7000
Facsimile:  219-931-1677
E-Mail:  rm@rmontlaw.com
Attorney Code 9327-98